UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN CLUTE,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　Case No. 08-14262
　　　　　　　　　　　　　　　　　　　　　　　　　Hon Lawrence P. Zatkoff
THE SCHWAN FOOD CO.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION; VACATING ORDER TO REMAND

Defendant properly removed this matter to this Court on October 6, 2008, on the basis of federal-question jurisdiction under the Employee Retirement Income Security Act ("ERISA"). The Court declined to exercise supplemental jurisdiction over Plaintiff's non-ERISA claims [dkt 7]. Defendant now requests that the Court reconsider this decision under E.D. Mich. L.R. 7.1(g).

In its notice of removal, Defendant styled Plaintiff's state-law claims as invoking the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). Defendant now argues that Plaintiff's state-law claims are preempted by ERISA, and therefore, the Court has federal-question jurisdiction over the entire matter. It also notes that since neither party requested a jury trial, the fact that this will be a bench trial alleviates concerns of possible confusion on the state-law claims.

The Court, upon further review, agrees that Plaintiff's state-law claims are pre-empted by ERISA. *See* 29 U.S.C. § 1144(a). Plaintiff's complaint stems from the alleged withholding of health benefits under an ERISA plan and the state-law claims are directly related to Defendant's conduct regarding the benefits plan. Further, ERISA is one of the rare instances where the defense of preemption confers independent removal jurisdiction. *See Aetna Health Inc. v. Davila*, 542 U.S.

200, 207-08. Defendant clearly included this defense in its answer. Therefore, the Court agrees with Defendant that federal jurisdiction exists over the entire claim without necessitating reference to § 1367(a). *See* 29 U.S.C. § 1132(e)(1) (granting concurrent state and federal jurisdiction under ERISA for recovery of benefits claims).

It is HEREBY ORDERED that Defendant's motion for reconsideration is GRANTED. It is FURTHER ORDERED that the Court's Order to Partially Remand [dkt 7] is VACATED. The Court will retain jurisdiction over all claims in this matter.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 21, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 21, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290